JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL—CIO, CLC

**DEFENDANTS**
SAINT GOBAIN NORTH AMERICA; SAINT GOBAIN PERFORMANCE PLASTICS; SAINT GOBAIN ABRASIVES; SAINT GOBAIN CERAMICS & PLASTICS; CORHART REFRACTORIES

**(b)** County of Residence of First Listed Plaintiff   **ALLEGHENY, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **CHESTER, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MICHAEL W. MCGURRIN, ESQUIRE; DARREN JAY KAPLAN, JR., ESQUIRE
GALFAND BERGER, LLP, 1835 MARKET STREET, SUITE 2710,
PHILADELPHIA, PA 19103; (215) 665 1600 ;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☒ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**29 USC SECTION 185, 28 USC 1331 AND 1337**

Brief description of cause:
Motion for PreLiminary Injunction

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
May 6, 2026

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____Malvern, PA_____

---

*RELATED CASE IF ANY:*  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☒ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, | ) ) ) ) ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAINT-GOBAIN NORTH AMERICA; SAINT-GOBAIN PERFORMANCE PLASTICS; SAINT-GOBAIN ABRASIVES; SAINT-GOBAIN CERAMICS & PLASTICS; AND CORHART REFRACTORIES, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION**

Now comes Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("Union" or "Plaintiff") and moves this Court for a preliminary injunction in aid of arbitration to enjoin Saint-Gobain North America ("Saint-Gobain"); Saint-Gobain Performance Plastics; Saint-Gobain Abrasives; Saint-Gobain Ceramics & Plastics; and Corhart Refractories (collectively, "Defendants") from implementing announced changes to its retiree healthcare benefit program until an arbitrator has determined whether the announced changes violate the parties' collective bargaining agreements. In support of this Complaint and Motion, the Plaintiff states:

1

## JURISDICTION

1. This action is brought under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and under 28 U.S.C. §§ 1331 and 1337.

## VENUE AND PARTIES

2. Venue is appropriate in this judicial district pursuant to 29 U.S.C. § 185 and § 28 U.S.C. 1319(b).

3. Plaintiff is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(5), and it represents employees in industries affecting commerce within the meaning of Section 301 of the LMRA. The Union and its duly authorized agents are engaged in representing certain hourly employees at Saint-Gobain facilities; including at the Saint-Gobain facility operated by Corhart Refractories in Buckhannon, WV ("Buckhannon facility"); at the Saint-Gobain facility operated by Saint-Gobain Abrasives in Watervliet, NY ("Watervliet facility"); at the Saint-Gobain facility operated by Saint-Gobain Ceramics and Plastics in Niagara Falls, NY ("Niagara Falls facility"); at the Saint-Gobain facility operated by Saint-Gobain Performance Plastics in Ravenna, OH ("Ravenna facility"); and at the Saint-Gobain facility operated by Saint-Gobain Performance Plastics in Akron, OH ("Akron facility").

4. Defendant Saint-Gobain North America is registered to do business in Pennsylvania. Defendant is an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2) and is engaged in commerce and in an industry affecting commerce within the meaning of Section 301 of the LMRA and Section 2(6) and (7) of the NLRA, 29 U.S.C. § 152(6) and (7). Defendant is headquartered in Malvern, Pennsylvania, which is located within this judicial district.

5.      Defendants Corhart Refractories, Saint-Gobain Abrasives, Saint-Gobain Performance Plastics, and Saint-Gobain Ceramics and Plastics are each subsidiaries of Saint-Gobain North America and each is engaged in commerce and in an industry affecting commerce within the meaning of Section 301 of the LMRA and Section 2(6) and (7) of the NLRA, 29 U.S.C. § 152(6) and (7).

## BACKGROUND AND FACTUAL ALLEGATIONS

**The Buckhannon Facility**

6.      The Union and Corhart Refractories are parties to a collective bargaining agreement ("CBA") that covers the bargaining unit employees at the Buckhannon, West Virginia facility. The CBA is effective from May 1, 2024, through 11:59 p.m. on April 30, 2027. A true and complete copy of relevant excerpts of the CBA is attached as Exhibit 1 to the Declaration of Nathan Nelson ("Nelson Dec."), which is attached to this Motion for Preliminary Injunction as Exhibit A.

7.      Article 18 establishes a grievance procedure between the parties. This Article defines a grievance as any "disagreement[] as to the meaning and application of or compliance with the provisions of this Agreement…" Nelson Dec. ¶ 4; Exhibit 1, pg. 10.

8.      The grievance procedure concludes in arbitration before an impartial arbitrator if a grievance is not adjusted under the steps preceding arbitration. *Id*. Article 18, Section 1 provides that "[t]he decision of the arbitrator shall be final and binding." *Id.* at Exhibit 1, pg. 10-11.

9.      The CBA provides comprehensive group medical and drug plans to its bargaining unit retirees, their dependents, and their surviving spouses (collectively, "retirees"). Article 22, Section 4 provides that "The Company will continue to provide the Medicare Carve Out Plan, in

3

effect on May 1, 2024, for retirees and dependents age 65 and older at no cost." Nelson Dec. ¶ 5; Exhibit 1, pg. 14.

10.     Article 28, Section 1 of the CBA provides in relevant part that: "This Agreement is in full settlement of all the issues in dispute between the Company and the Union and the parties hereto expressly agree that during the term of this Agreement there shall be no reopening for collective bargaining negotiations or demands therefore as to any matter or issue covered or not covered by the provisions of this Agreement, including, any and all matters pertaining to pensions, insurance or any health or welfare plans, or for the renegotiation of any provision of the Agreement, unless the parties mutually agree otherwise in the future." Nelson Dec. ¶ 7; Exhibit 1, pg. 21.

11.     On or around March 2, 2026, Saint-Gobain mailed letters to those age 65 or older who retired from the Buckhannon facility informing them of significant changes to their retiree healthcare benefits. On information and belief, a true and complete copy of the letters mailed from Saint-Gobain to current retirees is attached as Exhibit 2 to the Declaration of Rick Sauer ("Sauer Dec."), which is attached to this Motion for Preliminary Injunction as Exhibit B. *See also* Nelson Dec. ¶ 13; Exhibit 5.

12.     On or around March 2, 2026, Saint-Gobain also mailed letters to future retirees from the Buckhannon facility informing them of significant changes to their future retiree healthcare benefits. On information and belief, a true and complete copy of the letters mailed from Saint-Gobain to future retirees is attached as Exhibit 3 to the Declaration of Rick Sauer ("Sauer Dec."), which is attached to this Motion for Preliminary Injunction as Exhibit B. *See also* Nelson Dec. ¶ 13; Exhibit 6.

4

13.    These letters informed retirees and future retirees that, as of May 31, 2026, Saint-Gobain will terminate the current employer-provided group healthcare plan agreed to in Article 22, Section 4 of the CBA, which has been in effect since at least May 1, 2024, the effective date of the CBA.

14.    These letters stated that the Company has contracted with a healthcare marketplace called Via Benefits where Medicare-eligible retirees will have to shop for and purchase their own Medicare Advantage, Medicare Supplement, Medicare prescription drug plan, vision coverage, and/or dental coverage.

15.    The letter to current retirees stated that Saint-Gobain is "transitioning from our current retiree health care program, offered through Aetna and UnitedHealthcare Medicare Advantage plans, to a private Medicare marketplace . . . ." *See* Sauer Dec., Ex. 2. The letter sent to current retirees further states, "you must enroll in one of the Via Benefits marketplace medical plans between March 2 to May 31, 2026 to be eligible for the HRA funding." *Id.*

16.    The Company's announced unilateral changes to its retiree healthcare program violates promises it made in Article 22, Section 4 of the CBA.

17.    On March 26, 2026, USW Local 477 filed Grievance No. 2026-2 over Saint-Gobain's announced changes. *See* Nelson Dec. ¶ 18; Exhibit 7.

18.    On April 9, 2026, the Company provided a Step 3 response to Grievance No. 2026-2, and denied the grievance. The Union appealed the grievance to Step 4 of the grievance procedure. *See* Nelson Dec. ¶ 19; Exhibit 7.

19.    On May 1, 2026, the Company provided a Step 4 response to Grievance No. 2026-2, and denied the grievance. *See* Nelson Dec. ¶ 20; Exhibit 7. On May 4, 2026, the Union appealed the grievance to Step 5, which is arbitration. *Id*.

20. Based on past experience, if Grievance No. 2026-2 were to progress to arbitration, an arbitration award will not issue prior to May 31, 2026, which is when Saint-Gobain will terminate the current retiree healthcare program. *See* Nelson Dec. ¶ 21.

**The Watervliet Facility**

21. The Union and Saint-Gobain Abrasives are parties to a collective bargaining agreement ("CBA") that covers the bargaining unit employees at the Watervliet facility. The CBA is effective from May 1, 2024 through April 30, 2027. A true and complete copy of relevant excerpts of the CBA is attached as Exhibit 1 to the Declaration of Rick Sauer ("Sauer Dec."), which is attached to this Motion for Preliminary Injunction as Exhibit B.

22. Article III of the CBA establishes a grievance procedure between the parties. This Article defines a grievance as any "disputes between the parties under the terms of the collective bargaining agreement…" Sauer Dec. ¶ 4, Exhibit 1, pg. 3.

23. The grievance procedure concludes in arbitration before an impartial arbitrator if a grievance is not adjusted under the steps preceding arbitration. *Id.* Article III provides that the arbitrator "shall conduct a hearing and render a decision that will be binding upon both parties…" *Id.*

24. The CBA provides comprehensive group medical and drug plans to its bargaining unit retirees and their surviving spouses (collectively, "retirees"). Article X, Section 3(B)(3) provides that "[a]t age 65, retiree and spouse will be offered a Medicare Supplement Program, including a Comprehensive Pharmacy Program." Sauer Dec. ¶ 5, Exhibit 1, pg. 15.

25. On or around March 2, 2026, Saint-Gobain mailed letters to those age 65 or older who retired from the Watervliet facility informing them of significant changes to their retiree healthcare benefits. *See* Sauer Dec. ¶ 7, Exhibit 2.

26.     On or around March 2, 2026, Saint-Gobain also mailed letters to future retirees from the Watervliet facility informing them of significant changes to their future retiree healthcare benefits. *See* Sauer Dec. ¶ 8, Exhibit 3.

27.     These letters informed retirees and future retirees that, as of May 31, 2026, Saint-Gobain will terminate the current employer-provided group healthcare plan agreed to in Article X, Section 3(B)(3) of the CBA, which has been in effect since at least May 1, 2024, the effective date of the CBA.

28.     These letters stated that the Company has contracted with a healthcare marketplace called Via Benefits where Medicare-eligible retirees will have to shop for and purchase their own Medicare Advantage, Medicare Supplement, Medicare prescription drug plan, vision coverage, and/or dental coverage.

29.     The letter to current retirees stated that Saint-Gobain is "transitioning from our current retiree health care program, offered through Aetna and UnitedHealthcare Medicare Advantage plans, to a private Medicare marketplace . . . ." *See* Sauer Dec., Ex. 2. The letter sent to current retirees further states, "you must enroll in one of the Via Benefits marketplace medical plans between March 2 to May 31, 2026 to be eligible for the HRA funding." *Id.*

30.     Saint-Gobain's announced unilateral changes to its retiree healthcare program violates promises it made in Article X, Section 3(B)(3) of the CBA.

31.     On March 30, 2026, the Union filed Grievance No. 2026-01 over the Company's announced changes. *See* Sauer Dec. ¶ 12; Exhibit 4.

32.     On April 13, 2026, the Company provided a Step 3 response to Grievance No. 2026-01, and denied the grievance. *See* Sauer Dec. ¶ 13; Exhibit 4.

33. On May 4, 2026, the Union appealed Grievance No. 2026-01 to Step 4 of the grievance procedure. *See* Sauer Dec. ¶ 18.

34. Based on past experience, if Grievance No. 2026-01 were to progress to arbitration, an arbitration award will not issue prior to May 31, 2026. *See* Sauer Dec. ¶ 19.

**The Niagara Falls facility**

35. The Union and Saint-Gobain Ceramics and Plastics are parties to a collective bargaining agreement ("CBA") that covers the bargaining unit employees at the Niagara Falls facility. The CBA is effective from July 18, 2022 through July 20, 2027. A true and complete copy of relevant excerpts of the CBA is attached as Exhibit 1 to the Declaration of Valerie Thomas ("Thomas Dec."), which is attached to this Motion for Preliminary Injunction as Exhibit C.

36. Article XIV establishes a grievance procedure between the parties. *See* Thomas Dec. ¶ 4; Exhibit 1, pg. 40-42. This Article defines a grievance as "a disagreement as to whether the terms and conditions of this Agreement have been properly applied, administered, performed or enforced." Thomas Dec., Exhibit 1, pg. 40.

37. The grievance procedure concludes in arbitration before an impartial arbitrator if a grievance is not adjusted under the steps preceding arbitration. *Id.* at pg. 41. Section 72 provides that "disposition of a grievance" in arbitration is final. *Id.* at pg. 42.

38. The CBA provides comprehensive group medical and drug plans to its bargaining unit retirees. Article XXIV, Section 89(h) provides that, for employees hired prior to July 20, 2004, "[r]etirees at age 65 and above are eligible for the Medicare Advantage Plan coverage." Thomas Dec. ¶ 6; Exhibit 1, pg. 50.

39.     To the best of the Union's knowledge, Saint-Gobain has mailed letters identical to those described above to both current retirees and future retirees from the Niagara Falls facility.

40.     Saint-Gobain's announced unilateral changes to its retiree healthcare program violates promises it made in Article XXIV, Section 89(h).

41.     On May 4, 2026, the Union filed Grievance No. 26-01 over the Company's announced changes. *See* Thomas Dec. ¶ 9; Exhibit 2.

42.     The Union anticipates that Saint-Gobain will deny this grievance, just as it has done at the Watervliet and Buckhannon facilities, and that the Union will appeal the grievance to arbitration.

43.     Based on past experience, if Grievance No. 26-01 were to progress to arbitration, an arbitration award will not issue prior to May 31, 2026. *See* Thomas Dec. ¶ 11.

**The Ravenna facility**

44.     The Union and Saint-Gobain Performance Plastics are parties to a collective bargaining agreement ("CBA") that covers the bargaining unit employees at the Ravenna, Ohio facility. The CBA is effective from May 11, 2024, through May 10, 2027. A true and complete copy of relevant excerpts of the CBA is attached as Exhibit 1 to the Declaration of Marlon Williamson ("Williamson Dec."), which is attached to this Motion for Preliminary Injunction as Exhibit D.

45.     Article V of the CBA establishes a grievance procedure between the parties. This Article defines a grievance as "any dispute between the Company and the Union or between the Company and any employee covered by this Agreement." Williamson Dec. ¶ 4, Exhibit 1, pg. 4.

9

46.     The grievance procedure concludes in arbitration before an impartial arbitrator if a grievance is not adjusted under the steps preceding arbitration. *Id*. Section 2 provides that "[t]he decision of the arbitrator shall be final and binding upon both parties…". *Id.*

47.     The CBA provides comprehensive group medical and drug plans to its bargaining unit retirees. Article XIII(K) provides that, for "all future retirees who were hired prior to 11/10/2001, and retire at or after age 65, the company will provide a Medicare supplement insurance program." Williamson Dec. ¶ 5, Exhibit 1, pg. 20.

48.     To the best of the Union's knowledge, Saint-Gobain has mailed letters identical to those described above to both current retirees and future retirees from the Ravenna facility. *See* Williamson Dec. ¶ 7.

49.     Saint-Gobain's announced unilateral changes to its retiree healthcare program violates promises it made in Article XIII(K).

50.     On April 28, 2026, the Union filed Grievance No. 4-26 over the announced changes. *See* Williamson Dec. ¶ 11; Exhibit 2.

51.     The Union anticipates that Saint-Gobain will deny this grievance, just as it has done at the Watervliet and Buckhannon facilities, and that the Union will appeal the grievance to arbitration.

52.     Based on past experience, if Grievance No. 4-26 were to progress to arbitration, an arbitration award will not issue prior to May 31, 2026. *See* Williamson Dec. ¶ 13.

**The Akron facility**

53.     The Union and Saint-Gobain Performance Plastics are parties to a collective bargaining agreement ("CBA") that covers the bargaining unit employees at the Akron facility. The CBA is effective from June 6, 2025 until June 5, 2028. *See* Williamson Dec. ¶ 14; Exhibit 3.

10

54.     Article V establishes a grievance procedure between the parties. This Article defines a grievance as "a complaint or request." *See* Williamson Dec. ¶ 15; Exhibit 3, pg. 9. The grievance procedure concludes in arbitration before an impartial arbitrator if a grievance is not adjusted under the steps preceding arbitration. *Id.* at pg. 10.

55.     Section 2(B) provides that, "In the event any dispute shall arise, as to whether the Company has provided the insurance benefit as herein described and in the Certificate of Insurance, such dispute shall be subject to the Grievance Procedure commencing at Section 1, Step 2 of this Article." *Id.*

56.     Under the parties' CBA, the Company provides comprehensive group medical and drug plans to its bargaining unit retirees. Article XIV(K) provides that "[f]or all future retirees, who were hired prior to 2/1/01, who retire at or after age 65, the Company will provide retiree healthcare and the Company will fund 80% of the low cost plan." *See* Williamson Dec. ¶ 16; Exhibit 3, pg. 35.

57.     To the best of the Union's knowledge, Saint-Gobain has mailed letters identical to those described above to both current retirees and future retirees from the Akron facility. *See* Williamson Dec. ¶ 19.

58.     Saint-Gobain's announced unilateral changes to its retiree healthcare program violates promises it made in Article XIV(K).

59.     On April 28, 2026, the Union filed Grievance No. 2-2026 over the Company's announced changes. *See* Williamson Dec. ¶ 21; Exhibit 4.

60.     The Union anticipates that the Company will deny this grievance, just as it has done at the Watervliet and Buckhannon facilities, and that the Union will appeal the grievance to arbitration.

61.     Based on past experience, if Grievance No. 2-2026 were to progress to arbitration, an arbitration award will not issue prior to May 31, 2026. *See* Williamson Dec. ¶ 23.

**REQUEST FOR AN INJUNCTION IN AID OF ARBITRATION**

62.     Due to the critical nature of healthcare benefits to the retirees affected by Saint-Gobain's anticipated unilateral changes, such hardship will likely befall these retirees that any arbitration award will not be able to under that harm. An arbitration award in favor of the Union would be rendered a hollow victory. *See* the Declaration of Bill Kuber, which is attached to this Motion for Preliminary Injunction as Exhibit E and the Declaration of Mary Anderson, which is attached to this Motion for Preliminary Injunction as Exhibit F.

63.     It is probable that the Union will succeed on the merits of its grievances as it has stated colorable claims of violations of each of the parties' CBAs.

64.     Unless the Court enjoins the Defendants from implementing the unilateral changes to its retiree healthcare program pending the completion of arbitration, the Union and the retiree beneficiaries of the Union's bargain will suffer substantial and irreparable harm, for which there is no adequate remedy at law.

65.     Without the requested preliminary injunction, the Union and the retiree beneficiaries of the Union's bargain will suffer greater injury than that which will be imposed on the Company by granting the requested relief.

66.     Granting an injunction will favor the public interest in the peaceful resolution of labor disputes, and extending medical benefits to those in need of such benefits.

Wherefore, Plaintiff requests this Court enter an injunction restraining Defendants from implementing its announced unilateral changes to the retiree healthcare program, and maintain the current benefit program, until the grievances referenced herein are resolved through

arbitration, as well as grant such further relief as is proper, equitable, and just.

Respectfully submitted,

**GALFAND BERGER, LLP**

BY:_____

MICHAEL W. MCGURRIN, ESQUIRE
DARREN JAY KAPLAN, JR., ESQUIRE
ATTORNEY I.D. NO. 59778/336820
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
215-665-1600
mmcgurrin@galfandberger.com
jkaplan@galfandberger.com

**UNITED STEELWORKERS**

BY: __/s/ Amanda Fisher_____

AMANDA FISHER, ESQUIRE
ATTORNEY I.D. NO. 309637
60 Boulevard of the Allies
Pittsburgh, PA 15222
412-562-2567
afisher@usw.org

Attorneys for Plaintiff

Date: May 6, 2026

13